**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL PRYOR and KAREN PRYOR**,** | NO. _____ |
| Plaintiff(s), | Civil Action |
| vs. | Transferred from the Superior Court of New Jersey, Law Division, Middlesex County |
| AVON PRODUCTS, INC., | Docket No.: MID-L-000022-21AS |
| BARRETTS MINERALS INC.; | |
| BAYER CONSUMER CARE HOLDINGS LLC f/k/a BAYER CONSUMER CARE LLC f/k/a MSD CONSUMER CARE, INC.); | **DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1442 and §1332** |
| BAYER HEALTHCARE LLC, a subsidiary of BAYER AG; | |
| BLOCK DRUG COMPANY, INC. (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); | |
| BLOCK DRUG CORPORATION (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); | |
| BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); | |
| BRENNTAG SPECIALTIES, INC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.); CHARLES B. CHRYSTAL COMPANY, INC.; | |

CHATTEM, INC. (sued individually and as
successor-in-interest to BLOCK DRUG
CORPORATION, successor-in-interest to THE
GOLD BOND STERILIZING POWDER
COMPANY a/k/a THE GOLD BOND
COMPANY);

CLINIQUE LABORATORIES, INC., a
subsidiary of THE ESTEÉ LAUDER
COMPANIES INC.;

CLINIQUE LABORATORIES, LLC, a
subsidiary of THE ESTEÉ LAUDER
COMPANIES INC.;

COLOR TECHNIQUES, INC.;

COSMETIC SPECIALTIES, INC. (sued
individually and formerly d/b/a G&G
SPECIALTY PRODUCTS CO.);

COTY, INC. and its subsidiary NOXELL
CORPORATION, for its CoverGirl line of
products, and d/b/a RIMMEL LONDON and
RIMMEL INC., for its Rimmel London line of
products;

CYPRUS AMAX MINERALS COMPANY
(sued individually, doing business as, and as
successor to AMERICAN TALC COMPANY,
METROPOLITAN TALC CO. INC. and
CHARLES MATHIEU INC. and SIERRA TALC
COMPANY and UNITED TALC COMPANY);

CYPRUS MINES CORPORATION;

DR. SCHOLLS LLC;

ESTEÉ LAUDER, INC., a subsidiary of THE
ESTEÉ LAUDER COMPANIES, INC.;

THE ESTEÉ LAUDER COMPANIES, INC.
(sued individually and for LEN-RON
MANUFACTURING CO. INC.);

2

GLAXOSMITHKLINE LLC (sued individually
and as successor-in-interest to BLOCK DRUG
CORPORATION, successor-in-interest to THE
GOLD BOND STERILIZING POWDER
COMPANY a/k/a THE GOLD BOND
COMPANY);

HIMMEL MANAGEMENT CO. LLC a/k/a
HIMMEL GROUP formerly d/b/a MARTIN
HIMMEL, INC. (sued individually and as
successor-in-interest to BLOCK DRUG
CORPORATION, successor-in-interest to THE
GOLD BOND STERILIZING POWDER
COMPANY a/k/a THE GOLD BOND
COMPANY);

HONEYWELL INTERNATIONAL, INC. f/k/a
ALLIED-SIGNAL, INC. (sued as successor-in-
interest to BENDIX CORPORATION);

MARY KAY INC.;

MAYBELLINE LLC;

MERCK & CO., INC.;

MORSE TEC LLC f/k/a BORGWARNER
MORSE TEC LLC (sued as successor-by-merger
to BORG WARNER CORPORATION);

NOXELL CORPORATION, a subsidiary of
COTY INC. and f/k/a NOXZEMA CHEMICAL
COMPANY, for its CoverGirl line of products;

PFIZER INC.;

PRESPERSE CORPORATION;

PRESPERSE INTERNATIONAL CORP;

THE PROCTER & GAMBLE COMPANY
(sued individually and as successor-in-interest to
NOXZEMA CHEMICAL COMPANY and its
CoverGirl line of products);

REVLON CONSUMER PRODUCTS

CORPORATION;

SCHOLLS WELLNESS COMPANY LLC;

SPECIALTY MINERALS INC. (sued
individually and as a subsidiary of MINERALS
TECHNOLOGIES INC.);

UNILEVER UNITED STATES, INC. formerly
d/b/a RIMMEL LONDON and for its Rimmel line
of products;

UNION CARBIDE CORPORATION;

WHITTAKER CLARK & DANIELS, INC.;

JOHN DOE CORPORATIONS 1-50
(fictitious);

**Defendant(s).**

## <u>NOTICE OF REMOVAL OF DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION</u>

Defendant Revlon Consumer Products Corporation (hereinafter referred to as "RCPC" or "Defendant") files this Notice of Removal of the above-titled action from the Superior Court of New Jersey, Law Division, Middlesex County, in which is now pending, to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1441 and 1332. In support of its removal, RCPC respectfully states the following:

### **<u>Preliminary Matters</u>**

1.     On or about January 4, 2021, Plaintiffs Michael Pryor and Karen Pryor (collectively referred to as "Plaintiffs") filed a Complaint sounding in personal injury as a result of Michael Pryor's ("Plaintiff") use of and secondary exposure to talcum powder in the State of Kentucky for which Plaintiffs claim contained asbestos. Plaintiff further alleged exposure to asbestos while performing maintenance and repair work to his personal vehicles in the State of Kentucky. The

matter is entitled *Michael Pryor and Karen Pryor v. Avon Products, Inc.* and docketed at MID-L-000022-21.  In accordance with 28 U.S.C. § 1446(a), a true and correct copy of this Complaint is attached hereto and incorporated herein as **Exhibit A**.

2.      Plaintiffs allege that Plaintiff Michael Pryor developed mesothelioma as a direct and proximate result of exposure to Defendants' products from approximately 1970 to 2019, all while residing in Kentucky.  *See* Exhibit A, at ¶¶ 2, 3 and 13.  Plaintiff alleged exposure to asbestos through his daily Johnson's Baby Powder and Gold Bond talcum powder, and frequent use of Dr. Scholl's Foot Powder "from approximately 1970 to 1981 at his personal residences and at his schools in Maryville (n/k/a Hillview), Kentucky, and Lexington, Kentucky."  *See* Exhibit A, at ¶ 2.  He further alleged exposure while in close proximity with his deceased mother from her daily use of Avon and Mary Kay talcum powders from approximately 1970 to 1981.  *See* Exhibit A, at ¶ 2.

3.      Plaintiff also alleged exposure to asbestos-containing cosmetics while in close proximity his wife resulting from her "regular daily use" of the following: "Avon pressed powder blushes, Avon pressed face powders, and Avon pressed powder eyeshadows from approximately 1995 to the late 1990's at their personal residence in Louisville, Kentucky; Clinique pressed powder blushes and Clinique pressed powder eyeshadows from approximately the late 1980's to 2000 at their personal residence in Louisville, Kentucky; CoverGirl pressed powder blushes from approximately 1984 to the late 2010's at their personal residences in Louisville, Kentucky, and Shepherdsville, Kentucky; Mary Kay pressed powder blushes, Mary Kay pressed face powders, and Mary Kay pressed powder eyeshadows from approximately 1985 to 2017 at their personal residences in Louisville, Kentucky, and Shepherdsville, Kentucky; Maybelline pressed powder blushes from approximately 1984 to 2019 at their personal residences in Louisville, Kentucky, and

Shepherdsville, Kentucky; Revlon pressed powder blushes, Revlon pressed face powders, and Revlon pressed powder eyeshadows from approximately 1984 to 2019 at their personal residences in Louisville, Kentucky, and Shepherdsville, Kentucky; and Rimmel pressed powder blushes, Rimmel pressed face powders, and Rimmel pressed powder eyeshadows from approximately 2000 to 2010 at their personal residences in Louisville, Kentucky, and Shepherdsville, Kentucky." *See* Exhibit A, at ¶ 2.

4.     Plaintiff also alleged exposure to asbestos while maintaining and repairing his personal vehicles from approximately the late 1970's to the late 1980's through his work with Bendix Brakes.  *See* Exhibit A, at ¶ 3.  Similarly, Plaintiff alleged exposure to asbestos while performing duties as a laborer and deliveryman for Frederick's Auto in Louisville, Kentucky, from approximately 1982 to 1984, including working with alleged asbestos and/or asbestos containing products such as Bendix Brakes and Borg-Warner Clutches, as well as delivering "asbestos-containing automotive parts to various locations in Louisville, Kentucky including, but not limited to: Kraft Foods, South Central Bell, Sealtest Dairy, Bob's Auto Service, Bill Perry Shell Station, Ehrler's Dairy, Cross Pontiac, Buck's Auto Service, Fishel Company, Ernie Dunes Auto Service, Greg Coats Used Cars, Haas Auto Parts and Machine Co., Ambrosias Construction, Louisville Water Company, Budget Car Rental, Riggs Frame and Alignment Service, Dean's Milk Company, Standard Field Airport, Bowman Field Airport, Blanchard's Auto Service, and various Chevron Gas Stations." *See* Exhibit A, at ¶ 4.

5.     Based on RCPC's knowledge and information, no defendant that is incorporated and/or has its principal place of business in New Jersey has been served with the Complaint as of the filing of this Notice of Removal.

6.     This case is removable based on diversity of citizenship and the amount in

controversy under 28 U.S.C. § 1332(a).

7.    This notice of removal is timely, based on RCPC's knowledge and information, no Defendant incorporated and/or with its principal place of business in New Jersey has been served with the Complaint.

8.    Since, as noted, none of RCPC's co-defendants have been served with the Complaint as of the filing of this Notice, consent to this removal is not required.  However, based on information and belief, all other defendants named in the Complaint would consent to removal of this case.

### Nature of the Case

9.    This case is based on allegations that Plaintiff Michael Pryor developed mesothelioma by exposure to asbestos and/or asbestos-contaminated products.

10.    Plaintiffs assert personal injury causes of action against all Defendants, including RCPC.

### Grounds for Removal

11.    This is a civil action over which this Court has original jurisdiction under 18 U.S.C. § 1332, based on diversity of citizenship and the amount in controversy, and is removable to this Court by RCPC pursuant to the provisions of 28 U.S.C. §§ 1441(b) and (c).

12.    At the time of the filing of the Complaint and pursuant to the averments contained therein, Plaintiffs reside at 384 Aquaview Drive, Shepherdsville, Kentucky 40165.  *See* Exhibit A, Initial Fact Sheet, ¶ 3.

13.    RCPC is a Delaware corporation with a principal place of business in New York.

14.    Upon information and belief, Co-Defendant Avon Products, Inc. is a New York corporation with a principal place of business in New York.

15.     Upon information and belief, Co-Defendant Barretts Minerals Inc. is a Delaware corporation with a principal place of business in Texas.

16.     Upon information and belief, Co-Defendant Bayer Consumer Care Holdings LLC is a limited liability company incorporated in Delaware with its principal lace of business in New Jersey.

17.     Upon information and belief, Co-Defendant Bayer Healthcare LLC is a limited liability company formed under the laws of Delaware, with its principal place of business in New Jersey.

18.     Upon information and belief, Co-Defendant Block Drug Company is New Jersey Corporation with its principal place of business in New Jersey.

19.     Upon information and belief, Co-Defendant Block Drug Corporation was New Jersey Corporation with its principal place of business in New Jersey.

20.     Upon information and belief, Co-Defendant Brenntag North America is a Delaware corporation with its principal place of business in Pennsylvania.

21.     Upon information and belief, Co-Defendant Brenntag Specialties, Inc., is a Delaware corporation with its principal place of business in New Jersey.

22.     Upon information and belief, Co-Defendant Chattem, Inc. is a Tennessee corporation with a principal place of business in Tennessee.

23.     Upon information and belief, Co-Defendant Clinique Laboratories, Inc. is a Delaware corporation with a principal place of business in New York.

24.     Upon information and belief, Co-Defendant Clinique Laboratories, LLC is a Delaware corporation with a principal place of business in New York.

25.     Upon information and belief, Co-Defendant Color Techniques, Inc. is a New Jersey

corporation with a principal place of business in New Jersey.

26.     Upon information and belief, Co-Defendant Cosmetic Specialties, Inc. was a New Jersey corporation with a principal place of business in New Jersey.

27.     Upon information and belief, Co-Defendant Coty, Inc. a Delaware corporation with a principal place of business in New York.

28.     Upon information and belief, Co-Defendant Cyprus Amax Minerals Company is a Delaware corporation with a principal place of business in Arizona.

29.     Upon information and belief, Co-Defendant Cyprus Mines Corporation is a Delaware corporation with a principal place of business in Arizona.

30.     Upon information and belief, Co-Defendant the Estee Lauder Companies, Inc. is a Delaware corporation with a principal place of business in New York.

31.     Upon information and belief, Co-Defendant GlaxoSmithKline LLC is a Delaware corporation with a principal place of business in Delaware.

32.     Upon information and belief, Co-Defendant Himmel Management Co. LLC is a Florida corporation with a principal place of business in Florida.

33.     Upon information and belief, Co-Defendant Honeywell International, Inc. is a Delaware corporation with a principal place of business in New Jersey.

34.     Upon information and belief, Co-Defendant Mary Kay Inc. is a Texas corporation with a principal place of business in Texas.

35.     Upon information and belief, Co-Defendant Maybelline LLC is a Delaware corporation with a principal place of business in New York.

36.     Upon information and belief, Co-Defendant Merck & Co., Inc. is a New Jersey corporation with a principal place of business in New Jersey.

37.     Upon information and belief, Co-Defendant Morse Tec LLC is a Delaware corporation with a principal place of business in Michigan.

38.     Upon information and belief, Co-Defendant Noxell Corporation is a Maryland corporation with a principal place of business in Maryland.

39.     Upon information and belief, Co-Defendant Pfizer Inc. is a Delaware corporation with a principal place of business in Delaware.

40.     Upon information and belief, Co-Defendant Presperse Corporation is a New Jersey corporation with a principal place of business in New Jersey.

41.     Upon information and belief, Co-Defendant Presperse International Corp. is a New Jersey corporation with a principal place of business in New Jersey.

42.     Upon information and belief, Co-Defendant the Proctor & Gamble Company is an Ohio corporation with a principal place of business in Ohio.

43.     Upon information and belief, Co-Defendant the Scholls Wellness Company LLC is a New Jersey corporation with a principal place of business in New Jersey.

44.     Upon information and belief, Co-Defendant the Unilever United States, Inc. is a Delaware corporation with a principal place of business in New Jersey.

45.     Upon information and belief, Co-Defendant the Union Carbide Corporation is a New York corporation with a principal place of business in Texas.

46.     Upon information and belief, Co-Defendant Whittaker, Clark & Daniels, Inc., is a New Jersey corporation with its principal place of business in Connecticut.

47.     Upon information and belief, the amount in controversy in this action, which includes the costs of indemnity for any adverse judgment against defendant, exceeds $75,000.00, exclusive of interests and costs.

48.     Accordingly, pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), this Court possesses original jurisdiction of this action because Plaintiff is diverse from all Defendants and the amount in controversy exceeds $75,000 and, therefore, complete diversity exists.

49.     Moreover, since this Notice of Removal is being filed before any of the defendants have been properly served with the Complaint, removal is proper pursuant to 28 U.S.C. 1441(b)(2), and *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 2018 U.S. App. LEXIS 23576 (3d Cir., Aug. 22, 2018).

50.     Further, the District of New Jersey includes Middlesex County, where the original action is pending.

51.     A true and correct copy of this Notice of Removal is being filed with the Clerk of the Superior Court of New Jersey, as required by 28 U.S.C. § 1446(d). Attached hereto and incorporated herein as **Exhibit B**.

52.     Written notice of the filing of this Notice of Removal will be given to all parties.

53.     No admission of fact, law, or liability, is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved by RCPC.

WHEREFORE, Defendant Revlon Consumer Products Corporation hereby removes the action entitled *Michael Pryor and Karen Pryor v. Avon Products, Inc.,* Superior Court of New Jersey, Law Division, Middlesex County, MID-L-000022-21, where it is currently pending, to the United States District Court for the District of New Jersey.

**HAWKINS PARNELL & YOUNG LLP**

By:  /s/ Deena M. Crimaldi
       Deena M. Crimaldi
       Attorney ID: 021042011
       Ashley Anderson
       Attorney ID: 287912020
       600 Lexington Ave, 8th Floor
       New York, New York 10022
       Tel: (212) 897-9655
       Fax: (646) 589-8700
       Attorneys for Defendant
       *Revlon Consumer products Corporation*

Date: January 5, 2021

## <u>CERTIFICATE OF SERVICE</u>

I Hereby certify that on the 5th day of January, 2021, a copy of Defendant Revlon Consumer Products Corporation's Notice of Removal was filed electronically and is available for viewing from the Courts electronic filing system. Notice of this filing will be sent to all known counsel of record via the Court's electronic filing system and/or via e-mail.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: New York, New York
       January 5, 2021


                                   By:  /s/ Deena M. Crimaldi
                                        Deena M. Crimaldi

# Exhibit A

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrence Township, NJ 08648
(609) 275-0400
By:     Robert E. Lytle (NJ ID No. 046331990)

SIMON GREENSTONE PANATIER, PC
1201 Elm Street, Suite 3400
Dallas, TX 75270
(214) 276-7680
By:     Leah Kagan (NJ ID No. 013602009)
        Joseph Mandia (NJ ID No. 16652008)

MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
By      Suzanne M. Ratcliffe (NJ ID. No. 024302010)

Attorneys for Plaintiffs

| | |
|---|---|
| **MICHAEL PRYOR** and **KAREN PRYOR**, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION-MIDDLESEX COUNTY |
| Plaintiffs, | |
| v. | DOCKET NO. _____ |
| **AVON PRODUCTS, INC.**; | CIVIL ACTION ASBESTOS LITIGATION |
| **BARRETTS MINERALS INC.**; | |
| **BAYER CONSUMER CARE HOLDINGS LLC** f/k/a BAYER CONSUMER CARE LLC f/k/a MSD CONSUMER CARE, INC.); | ORIGINAL COMPLAINT AND DEMAND FOR TRIAL BY JURY |
| **BAYER HEALTHCARE LLC**, a subsidiary of BAYER AG; | |
| **BLOCK DRUG COMPANY, INC.** (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY); | |
| **BLOCK DRUG CORPORATION** (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER | |

COMPANY a/k/a THE GOLD BOND
COMPANY);

**BRENNTAG NORTH AMERICA, INC.** (sued
individually and as successor-in-interest to
MINERAL PIGMENT SOLUTIONS, INC. and as
successor-in-interest to WHITTAKER CLARK &
DANIELS, INC.);

**BRENNTAG SPECIALTIES, INC.** f/k/a
MINERAL PIGMENT SOLUTIONS, INC. (sued
individually and as successor-in-interest to
WHITTAKER CLARK & DANIELS, INC.);

**CHARLES B. CHRYSTAL COMPANY, INC.**;

**CHATTEM, INC.** (sued individually and as
successor-in-interest to BLOCK DRUG
CORPORATION, successor-in-interest to THE
GOLD BOND STERILIZING POWDER
COMPANY a/k/a THE GOLD BOND
COMPANY);

**CLINIQUE LABORATORIES, INC.**, a
subsidiary of THE ESTEÉ LAUDER
COMPANIES INC.;

**CLINIQUE LABORATORIES, LLC**, a
subsidiary of THE ESTEÉ LAUDER
COMPANIES INC.;

**COLOR TECHNIQUES, INC.**;

**COSMETIC SPECIALTIES, INC.** (sued
individually and formerly d/b/a G&G
SPECIALTY PRODUCTS CO.);

**COTY, INC.** and its subsidiary NOXELL
CORPORATION, for its CoverGirl line of
products, and d/b/a RIMMEL LONDON and
RIMMEL INC., for its Rimmel London line of
products;

**CYPRUS AMAX MINERALS COMPANY**
(sued individually, doing business as, and as
successor to AMERICAN TALC COMPANY,

-2-

METROPOLITAN TALC CO. INC. and
CHARLES MATHIEU INC. and SIERRA TALC
COMPANY and UNITED TALC COMPANY);

**CYPRUS MINES CORPORATION**;

**DR. SCHOLLS LLC**;

**ESTEÉ LAUDER, INC.**, a subsidiary of THE
ESTEÉ LAUDER COMPANIES, INC.;

**THE ESTEÉ LAUDER COMPANIES, INC.**
(sued individually and for LEN-RON
MANUFACTURING CO. INC.);

**GLAXOSMITHKLINE LLC** (sued individually
and as successor-in-interest to BLOCK DRUG
CORPORATION, successor-in-interest to THE
GOLD BOND STERILIZING POWDER
COMPANY a/k/a THE GOLD BOND
COMPANY);

**HIMMEL MANAGEMENT CO. LLC** a/k/a
HIMMEL GROUP formerly d/b/a MARTIN
HIMMEL, INC. (sued individually and as
successor-in-interest to BLOCK DRUG
CORPORATION, successor-in-interest to THE
GOLD BOND STERILIZING POWDER
COMPANY a/k/a THE GOLD BOND
COMPANY);

**HONEYWELL INTERNATIONAL, INC.** f/k/a
ALLIED-SIGNAL, INC. (sued as successor-in-
interest to BENDIX CORPORATION);

**MARY KAY INC.**;

**MAYBELLINE LLC**;

**MERCK & CO., INC.**;

**MORSE TEC LLC** f/k/a BORGWARNER
MORSE TEC LLC (sued as successor-by-merger
to BORG WARNER CORPORATION);

-3-

**NOXELL CORPORATION**, a subsidiary of
COTY INC. and f/k/a NOXZEMA CHEMICAL
COMPANY, for its CoverGirl line of products;

**PFIZER INC.**;

**PRESPERSE CORPORATION**;

**PRESPERSE INTERNATIONAL CORP**;

**THE PROCTER & GAMBLE COMPANY**
(sued individually and as successor-in-interest to
NOXZEMA CHEMICAL COMPANY and its
CoverGirl line of products);

**REVLON CONSUMER PRODUCTS
CORPORATION**;

**SCHOLLS WELLNESS COMPANY LLC**;

**SPECIALTY MINERALS INC.** (sued
individually and as a subsidiary of MINERALS
TECHNOLOGIES INC.);

**UNILEVER UNITED STATES, INC.** formerly
d/b/a RIMMEL LONDON and for its Rimmel line
of products;

**UNION CARBIDE CORPORATION**;

**WHITTAKER CLARK & DANIELS, INC.**;

**JOHN DOE CORPORATIONS 1-50**
(fictitious);

Defendants.

Plaintiffs, by way of Complaint against Defendants, upon information and belief allege as

follows:

**PARTIES – PLAINTIFFS**

1.      Plaintiffs MICHAEL PRYOR and KAREN PRYOR reside at 384 Aquaview Drive,

Shepherdsville, Kentucky 40165.

-4-

2.      Plaintiff MICHAEL PRYOR experienced exposure to asbestos through his
personal and daily use of Johnson's Baby Powder and Gold Bond talcum powder, and his regular
and frequent use of Dr. Scholl's Foot Powder from approximately 1970 to 1981 at his personal
residences and at his schools in Maryville (n/k/a Hillview), Kentucky, and Lexington, Kentucky.
Plaintiff also experienced exposure to asbestos through contact with his late mother, Pat Pryor,
deceased, during her regular daily use of Avon talcum powders and Mary Kay talcum powders
while in close proximity to Plaintiff from approximately 1970 to 1981.  Plaintiff also experienced
exposure to asbestos through contact with his wife, Plaintiff KAREN PRYOR, during her regular
daily use of the following asbestos-containing cosmetics while in close proximity to Plaintiff:
Avon pressed powder blushes, Avon pressed face powders, and Avon pressed powder
eyeshadows from approximately 1995 to the late 1990's at their personal residence in Louisville,
Kentucky; Clinique pressed powder blushes and Clinique pressed powder eyeshadows from
approximately the late 1980's to 2000 at their personal residence in Louisville, Kentucky;
CoverGirl pressed powder blushes from approximately 1984 to the late 2010's at their personal
residences in Louisville, Kentucky, and Shepherdsville, Kentucky; Mary Kay pressed powder
blushes, Mary Kay pressed face powders, and Mary Kay pressed powder eyeshadows from
approximately 1985 to 2017 at their personal residences in Louisville, Kentucky, and
Shepherdsville, Kentucky; Maybelline pressed powder blushes from approximately 1984 to 2019
at their personal residences in Louisville, Kentucky, and Shepherdsville, Kentucky; Revlon
pressed powder blushes, Revlon pressed face powders, and Revlon pressed powder eyeshadows
from approximately 1984 to 2019 at their personal residences in Louisville, Kentucky, and
Shepherdsville, Kentucky; and Rimmel pressed powder blushes, Rimmel pressed face powders,
and Rimmel pressed powder eyeshadows from approximately 2000 to 2010 at their personal

-5-

residences in Louisville, Kentucky, and Shepherdsville, Kentucky. Plaintiff MICHAEL PRYOR's regular and frequent personal use of Johnson's Baby Powder, Gold Bond talcum powder, and Dr. Scholl's Foot Powder, Plaintiff's late family members' use of Avon talcum powders and Mary Kay talcum powders while in close proximity to Plaintiff, and Plaintiff KAREN PRYOR's regular and frequent use of Avon pressed powder blushes, Avon pressed face powders, and Avon pressed powder eyeshadows, Clinique pressed powder blushes and Clinique pressed powder eyeshadows, CoverGirl pressed powder blushes, Mary Kay pressed powder blushes, Mary Kay pressed face powders, and Mary Kay pressed powder eyeshadows, Maybelline pressed powder blushes, Revlon pressed powder blushes, Revlon pressed face powders, and Revlon pressed powder eyeshadows, and Rimmel pressed powder blushes, Rimmel pressed face powders, and Rimmel pressed powder eyeshadows while in close proximity to Plaintiff generated asbestos-containing dust and exposed Plaintiff MICHAEL PRYOR to respirable asbestos fibers. While Plaintiff's late family members and wife used asbestos-containing talcum powder and cosmetic products, dangerously high levels of asbestos fibers were released into the air at their personal residences. These fibers were frequently inhaled by Plaintiff through contact with his late family members and wife.

3.     Plaintiff MICHAEL PRYOR was exposed to asbestos while performing maintenance and repairs to his personal vehicles from approximately the late 1970's to the late 1980's. During this time period, he worked with asbestos and/or asbestos-containing products including, but not limited to, Bendix Brakes, and was exposed to asbestos fibers supplied by Union Carbide Corporation. Plaintiff was also exposed to asbestos during his work as a laborer and deliveryman for Frederick's Auto in Louisville, Kentucky, from approximately 1982 to 1984. Plaintiff's duties included, but were not limited to, delivering

asbestos-containing automotive parts to various locations in Louisville, Kentucky including, but not limited to: Kraft Foods, South Central Bell, Sealtest Dairy, Bob's Auto Service, Bill Perry Shell Station, Ehrler's Dairy, Cross Pontiac, Buck's Auto Service, Fishel Company, Ernie Dunes Auto Service, Greg Coats Used Cars, Haas Auto Parts and Machine Co., Ambrosias Construction, Louisville Water Company, Budget Car Rental, Riggs Frame and Alignment Service, Dean's Milk Company, Standard Field Airport, Bowman Field Airport, Blanchard's Auto Service, and various Chevron Gas Stations.  Plaintiff delivered parts to mechanics while they installed Bendix brake linings to vehicles.  Plaintiff's duties also included sweeping the floor in the machine shop at Frederick's Auto during and after mechanics operated brake lathes to turn rotors and drums.  During this time period, Plaintiff worked with and or around other tradesmen using asbestos, and/or asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products including, but not limited to, Bendix Brakes and Borg-Warner Clutches. Plaintiff was also exposed to asbestos fibers supplied by Union Carbide Corporation.

5.      As a direct and proximate result of the above exposures, Plaintiff MICHAEL PRYOR was caused and continues to suffer severe, permanent and disabling personal injury, has expended and will be caused to expend sums of money for medical care and treatment therefore, has been prevented and will be prevented from pursuing his normal activities and employment, has experienced and will continue to experience severe pain and suffering and mental anguish, and has been deprived and will continue to be deprived of his ordinary pursuits and enjoyment of life.

6.      Plaintiffs bring this action on behalf of themselves.

7.      Plaintiffs claim damages as a result of:

 _x__  loss of consortium

 _x__  loss of services

 _x__  economic loss

 _x__  pain and suffering

8.      Reference herein to "Plaintiff" or "Plaintiffs" is a reference to all the persons set forth above as is syntactically and contextually correct.

## **PARTIES - DEFENDANTS**

1.      Defendants are corporations organized under the laws of New Jersey and/or various states of the United States of America that were and are doing business in the State of New Jersey. The aforementioned Defendants mined, milled, designed, manufactured, sold, supplied, purchased, and/or marketed asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or asbestos-containing cosmetics, and/or raw asbestos fiber of various kinds and grades to which Plaintiff MICHAEL PRYOR was exposed.

2.      Defendants **AVON PRODUCTS, INC., BARRETTS MINERALS INC., BAYER CONSUMER CARE HOLDINGS LLC** f/k/a BAYER CONSUMER CARE LLC f/k/a MSD CONSUMER CARE, INC.), **BAYER HEALTHCARE LLC**, a subsidiary of BAYER AG, **BLOCK DRUG COMPANY, INC.** (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY), **BLOCK DRUG CORPORATION** (sued individually and as successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY), **BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to

-8-

MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.), **BRENNTAG SPECIALTIES, INC.** f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.), **CHARLES B. CHRYSTAL COMPANY, INC.**, **CHATTEM, INC.** (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY), **CLINIQUE LABORATORIES, INC.**, a subsidiary of THE ESTEÉ LAUDER COMPANIES INC., **CLINIQUE LABORATORIES, LLC**, a subsidiary of THE ESTEÉ LAUDER COMPANIES INC., **COLOR TECHNIQUES, INC.**, **COSMETIC SPECIALTIES, INC.** (sued individually and formerly d/b/a G&G SPECIALTY PRODUCTS CO.), **COTY, INC.** and its subsidiary NOXELL CORPORATION, for its CoverGirl line of products, and d/b/a RIMMEL LONDON and RIMMEL INC., for its Rimmel London line of products, **CYPRUS AMAX MINERALS COMPANY** (sued individually, doing business as, and as successor to AMERICAN TALC COMPANY, METROPOLITAN TALC CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY), **CYPRUS MINES CORPORATION**, **DR. SCHOLLS LLC**, **ESTEÉ LAUDER, INC.**, a subsidiary of THE ESTEÉ LAUDER COMPANIES, INC., **THE ESTEÉ LAUDER COMPANIES, INC.** (sued individually and for LEN-RON MANUFACTURING CO. INC.), **GLAXOSMITHKLINE LLC** (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY), **HIMMEL MANAGEMENT CO. LLC** a/k/a HIMMEL GROUP formerly d/b/a MARTIN HIMMEL, INC. (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to THE GOLD BOND STERILIZING

POWDER COMPANY a/k/a THE GOLD BOND COMPANY), **HONEYWELL INTERNATIONAL, INC.** f/k/a ALLIED-SIGNAL, INC. (sued as successor-in-interest to BENDIX CORPORATION), **MARY KAY INC.**, **MAYBELLINE LLC**, **MERCK & CO., INC.**, **MORSE TEC LLC** f/k/a BORGWARNER MORSE TEC LLC (sued as successor-by-merger to BORG WARNER CORPORATION), **NOXELL CORPORATION**, a subsidiary of COTY INC. and f/k/a NOXZEMA CHEMICAL COMPANY, for its CoverGirl line of products, **PFIZER INC.**, **PRESPERSE CORPORATION**, **PRESPERSE INTERNATIONAL CORP**, **THE PROCTER & GAMBLE COMPANY** (sued individually and as successor-in-interest to NOXZEMA CHEMICAL COMPANY and its CoverGirl line of products), **REVLON CONSUMER PRODUCTS CORPORATION**, **SCHOLLS WELLNESS COMPANY LLC**, **SPECIALTY MINERALS INC.** (sued individually and as a subsidiary of MINERALS TECHNOLOGIES INC.), **UNILEVER UNITED STATES, INC.** formerly d/b/a RIMMEL LONDON and for its Rimmel line of products, **UNION CARBIDE CORPORATION**, and **WHITTAKER CLARK & DANIELS, INC.** were designers, manufacturers, suppliers, packagers, or distributors of asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or asbestos-containing cosmetics, and/or raw asbestos fiber of various kinds and grades to which Plaintiff MICHAEL PRYOR was exposed.

3.  Defendants, **JOHN DOE CORPORATIONS 1-50**, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, supplied, purchased, packaged,

marketed, installed and/or removed asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or asbestos-containing cosmetics, and/or raw asbestos fiber of various kinds and grades to which Plaintiff MICHAEL PRYOR was exposed.

4.     The term "Defendants" is used hereafter to refer to all the entities named above.

5.     Defendants conduct business in the State of New Jersey, and certain Defendants reside or maintain their principal offices in the State of New Jersey.

## FIRST COUNT

1.      Plaintiffs reiterate the facts and contentions as set forth above and repeat them herein.

2.      Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of Defendants.

3.     Defendants were engaged, directly or indirectly, in the mining, milling, designing, manufacturing, producing, processing, packaging, compounding, converting, selling, merchandising, supplying, or distributing of asbestos-containing products, and/or equipment requiring and/or calling for the use of asbestos and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, and/or asbestos-containing cosmetics, and/or raw asbestos fiber of various kinds and grades (hereinafter collectively referred to as "Defendants' Products").

4.     Defendants, directly or indirectly, caused Defendants' Products to be sold to or used by Plaintiff MICHAEL PRYOR and his family members at their personal residences, during

-11-

Plaintiff's work performing repair and maintenance to his personal vehicles, during renovations to his residences, and during Plaintiff's occupations.

5.      Plaintiff MICHAEL PRYOR, during his personal use, his family members use, and during his occupations was exposed to and came in contact with Defendants' Products.  Plaintiff inhaled or ingested the asbestos dust and fibers emanating from Defendants' Products.

6.      As a direct and proximate result of Plaintiff MICHAEL PRYOR's inhalation and ingestion of dust particles and fibers from Defendants' Products, Plaintiff MICHAEL PRYOR developed permanent and disabling personal injuries.

7.      During the time that Defendants mined, milled, designed, manufactured, produced, processed, compounded, packaged, converted, sold, merchandised, distributed, and supplied Defendants' Products, Defendants knew or in the exercise of reasonable care should have known that Defendants' Products were defective, ultra-hazardous, dangerous and otherwise highly harmful to Plaintiff MICHAEL PRYOR.

8.      Defendants knew, or in the exercise of reasonable care should have known, that the use of Defendants' Products would cause asbestos dust and fibers to be released into the air and would create dangerous and unreasonable risk of injury to the lungs, respiratory systems, larynx, stomach and other bodily organs to users of Defendants' Products, and to others including bystanders and household members breathing that air and coming into contact with that dust.

9.      Neither Plaintiff MICHAEL PRYOR nor his family members knew the nature and extent of the injury that would result from contact with and exposure to Defendants' Products, or from the inhalation or ingestion of the asbestos dust and fibers.

10.     Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff MICHAEL PRYOR would come into contact with and be exposed to Defendants'

-12-

Products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of Defendants' Products by Plaintiff and his family members.

11.     Despite the facts as set forth above, Defendants negligently, recklessly and intentionally:

(a)     mined, milled, designed, manufactured, produced, processed, packaged, compounded, converted, sold, supplied, merchandised, distributed or otherwise placed in the stream of commerce Defendants' Products which Defendants knew, or in the exercise of reasonable care should have known, were defective, dangerous, ultra-hazardous and otherwise unreasonably harmful to Plaintiff MICHAEL PRYOR;

(b)     failed to take reasonable precautions or exercise reasonable care to warn Plaintiff MICHAEL PRYOR and his family members adequately of the risks, dangers and harm to which Plaintiff MICHAEL PRYOR would be exposed by his exposure to, contact with, working with, use and handling of Defendants' Products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

(c)     failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Plaintiff MICHAEL PRYOR from being injured, poisoned, disabled, killed or otherwise harmed by using, working with, handling, coming into contact with and being exposed to Defendants' Products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

(d)     failed to package their products in a manner that would assure that Plaintiff MICHAEL PRYOR would not come into contact with or be exposed to the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

-13-

(e)      failed to advise Plaintiff MICHAEL PRYOR, his family members and others of the necessity to adopt and enforce a safe, sufficient and proper method and plan of using, handling, working with, coming into contact with and being exposed to Defendants' Products so that Plaintiff MICHAEL PRYOR would not inhale or ingest the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products;

(f)      ignored and/or suppressed medical and scientific information, studies, tests, data and literature which Defendants acquired during the course of their normal business activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma, respiratory disorders and other illnesses and diseases to individuals such as Plaintiff MICHAEL PRYOR, and other persons similarly situated, who were exposed to Defendants' Products;

(g)      disregarded medical and scientific information, studies, tests, data and literature concerning the causal relationship between the inhalation or ingestion of asbestos dust and fibers, and such diseases as asbestosis, mesothelioma, scarred lungs, cancer, respiratory disorders and other illnesses and diseases;

(h)      exposed and continued to expose Plaintiff MICHAEL PRYOR and other persons similarly situated to the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other illnesses, all of which risks Defendants knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

(i)      failed to seek substitute materials in lieu of the use of asbestos;

(j)      failed to advise Plaintiff MICHAEL PRYOR, his family members, and others who Defendants knew or in the exercise of reasonable care should have known had been exposed to, inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products; to cease further uncontrolled or unprotected exposure to Defendants'

-14-

Products and the inhalation or ingestion of asbestos dust and fibers and all other kinds of smoke, dusts and fumes; to be examined by competent medical doctors to determine the nature and extent of any and all diseases caused by inhalation or ingestion of asbestos dust and fibers; and to receive medical care and treatment for such diseases.

12.     Defendants otherwise acted negligently, recklessly and with intentional disregard for the welfare of Plaintiff MICHAEL PRYOR in the mining, milling, designing, manufacturing, producing, processing, compounding, converting, selling, merchandising, packaging, supplying, distributing, or otherwise placing in the stream of commerce Defendants' Products.

13.     As a direct and proximate result of the acts and omissions of Defendants, Plaintiff MICHAEL PRYOR was exposed to and came in contact with Defendants' Products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products.  Plaintiff MICHAEL PRYOR developed mesothelioma as a direct and proximate result of said exposure to Defendants' Products.  Plaintiff MICHAEL PRYOR has and continues to endure severe pain and suffering and mental anguish, has been required to expend great sums of money for medical care and treatment related thereto, has been prevented from pursuing his normal activities and has been deprived of his ordinary pursuits and enjoyments of life.  Plaintiff MICHAEL PRYOR has suffered lost wages and earnings and severe pecuniary loss, all to Plaintiffs' loss.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## SECOND COUNT

1.     Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.     Defendants expressly or impliedly warranted that Defendants' Products, which they mined, milled, designed, manufactured, produced, compounded, converted, processed, packaged, sold, supplied, merchandised, distributed or otherwise placed in the stream of commerce, were merchantable, reasonably fit for use, and safe for their intended purposes.

3.     Defendants breached said warranties in that Defendants' Products were defective, ultra-hazardous, dangerous, unfit for use, not merchantable and not safe for their intended, ordinary and foreseeable use and purpose.

4.     As a direct and proximate result of Defendants' breach of warranties, Plaintiff MICHAEL PRYOR was exposed to asbestos and came in contact with Defendants' Products, and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products.  Plaintiff MICHAEL PRYOR has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## THIRD COUNT

1.     Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

-16-

2.      Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff MICHAEL PRYOR, his family members and others the health risks created by the ordinary use of Defendants' Products.

3.      Plaintiff MICHAEL PRYOR and his family members relied upon said representations.  Plaintiff MICHAEL PRYOR and his family members' reliance was foreseeable to Defendants.

4.      As a result of Defendants' conduct, Plaintiff MICHAEL PRYOR came in contact with Defendants' Products, and inhaled or ingested asbestos dust and fibers from Defendants' Products.  Plaintiff MICHAEL PRYOR has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## **FOURTH COUNT**

1.      Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.      Defendants are strictly liable to Plaintiffs by reason of the following:

(a)      Defendants were engaged in the business of being miners, millers, designers, manufacturers, producers, packagers, processors, sellers, suppliers, and distributors of Defendants' Products;

(b)      Defendants knew or had reason to know that Plaintiff MICHAEL PRYOR and other persons similarly situated would be ultimate users and consumers of Defendants' Products, or would be exposed to Defendants' Products;

-17-

(c)     Defendants sold or otherwise placed Defendants' Products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff MICHAEL PRYOR and other persons similarly situated;

(d)     Throughout the many years that Plaintiff MICHAEL PRYOR, his family members, and other similarly situated persons were exposed to and used Defendants' Products, Defendants' Products reached users, consumers, workers, bystanders and household members without substantial change in the condition in which they were sold;

(e)     The ordinary and foreseeable use of Defendants' Products constituted a dangerous and ultra-hazardous activity and created an unreasonable risk of injury to users, consumers, workers, bystanders and household members;

(f)     Defendants' Products were defective in that they deviated from the design specifications and/or standards set forth by the manufacturer, were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of Defendants' Products.

(g)     Defendants' Products were defectively designed because Defendants' Products are more dangerous than would be contemplated by ordinary users, consumers, workers, bystanders and household members, and also because the risks of Defendants' Products outweighed their benefits;

(h)     Defendants' Products were defectively manufactured as they failed to comply with their own specifications.

3.     As a consequence of the defective condition of Defendants' Products and their failure to warn, Plaintiff MICHAEL PRYOR inhaled or ingested asbestos dust and fibers during

-18-

the ordinary and foreseeable use of Defendants' Products. Plaintiff MICHAEL PRYOR has

suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish,

as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally or in the

alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and

costs of suit as provided by law.

**<u>FIFTH COUNT</u>**
**<u>(PRODUCT LIABILITY ACT CLAIM AGAINST  AVON PRODUCTS, INC.,
BARRETTS MINERALS INC., BAYER CONSUMER CARE HOLDINGS LLC f/k/a
BAYER CONSUMER CARE LLC f/k/a MSD CONSUMER CARE, INC.), BAYER
HEALTHCARE LLC, a subsidiary of BAYER AG, BLOCK DRUG COMPANY, INC.
(sued individually and as successor-in-interest to THE GOLD BOND STERILIZING
POWDER COMPANY a/k/a THE GOLD BOND COMPANY), BLOCK DRUG
CORPORATION (sued individually and as successor-in-interest to THE GOLD BOND
STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY),
BRENNTAG NORTH AMERICA, INC. (sued individually and as successor-in-interest to
MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER
CLARK & DANIELS, INC.), BRENNTAG SPECIALTIES, INC. f/k/a MINERAL
PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to
WHITTAKER CLARK & DANIELS, INC.), CHARLES B. CHRYSTAL COMPANY,
INC., CHATTEM, INC. (sued individually and as successor-in-interest to BLOCK DRUG
CORPORATION, successor-in-interest to THE GOLD BOND STERILIZING POWDER
COMPANY a/k/a THE GOLD BOND COMPANY), CLINIQUE LABORATORIES, INC.,
a subsidiary of THE ESTEÉ LAUDER COMPANIES INC., CLINIQUE
LABORATORIES, LLC, a subsidiary of THE ESTEÉ LAUDER COMPANIES INC.,
COLOR TECHNIQUES, INC., COSMETIC SPECIALTIES, INC. (sued individually and
formerly d/b/a G&G SPECIALTY PRODUCTS CO.), COTY, INC. and its subsidiary
NOXELL CORPORATION, for its CoverGirl line of products, and d/b/a RIMMEL
LONDON and RIMMEL INC., for its Rimmel London line of products, CYPRUS AMAX
MINERALS COMPANY (sued individually, doing business as, and as successor to
AMERICAN TALC COMPANY, METROPOLITAN TALC CO. INC. and CHARLES
MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY),
CYPRUS MINES CORPORATION, DR. SCHOLLS LLC., ESTEÉ LAUDER, INC., a
subsidiary of THE ESTEÉ LAUDER COMPANIES, INC., THE ESTEÉ LAUDER
COMPANIES, INC. (sued individually and for LEN-RON MANUFACTURING CO.
INC.),  GLAXOSMITHKLINE LLC (sued individually and as successor-in-interest to
BLOCK DRUG CORPORATION, successor-in-interest to THE GOLD BOND
STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY), HIMMEL
MANAGEMENT CO. LLC a/k/a HIMMEL GROUP formerly d/b/a MARTIN HIMMEL,
INC. (sued individually and as successor-in-interest to BLOCK DRUG CORPORATION,**</u>

**successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY), MARY KAY INC., MAYBELLINE LLC, MERCK & CO., INC., NOXELL CORPORATION, a subsidiary of COTY INC. and f/k/a NOXZEMA CHEMICAL COMPANY, for its CoverGirl line of products, PFIZER INC., PRESPERSE CORPORATION, PRESPERSE INTERNATIONAL CORP, THE PROCTER & GAMBLE COMPANY (sued individually and as successor-in-interest to NOXZEMA CHEMICAL COMPANY and its CoverGirl line of products), REVLON CONSUMER PRODUCTS CORPORATION, SCHOLLS WELLNESS COMPANY LLC, SPECIALTY MINERALS INC. (sued individually and as a subsidiary of MINERALS TECHNOLOGIES INC.), UNILEVER UNITED STATES, INC. formerly d/b/a RIMMEL LONDON and for its Rimmel line of products, and WHITTAKER CLARK & DANIELS, INC.)**

1.      Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.      Defendants are <u>strictly liable</u> to Plaintiffs by reason of the following:

(a)     Defendants were engaged in the business of being miners, millers, designers, manufacturers, producers, packagers, processors, sellers, suppliers, and distributors of Defendants' Products;

(b)     Defendants knew or had reason to know that Plaintiff MICHAEL PRYOR, his family members, and other persons similarly situated would be ultimate users and consumers of Defendants' Products, and that Plaintiff MICHAEL PRYOR would be exposed to Defendants' Products;

(c)     Defendants sold or otherwise placed Defendants' Products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff MICHAEL PRYOR and other persons similarly situated;

(d)     Throughout the many years that Plaintiff MICHAEL PRYOR, his family members, and other similarly situated persons were exposed to and used Defendants' Products, Defendant's Products reached users, consumers, bystanders and their household members without substantial change in the condition in which they were sold;

-20-

(e)     The ordinary and foreseeable use of Defendants' Products constituted a dangerous and ultra-hazardous activity and created an unreasonable risk of injury to users, consumers, bystanders and household members;

(f)     Defendants' Products were defective in that they deviated from the design specifications and/or standards set forth by the manufacturer, were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of Defendants' Products.

(g)     Defendants' Products were defectively designed because the Defendants' Products are more dangerous than would be contemplated by an ordinary user, and also because the risks of Defendants' Products outweighed their benefits;

(h)     Defendants' Products were defectively manufactured as they failed to comply with their own specifications.

3.     As a consequence of the defective condition of Defendants' Products and their failure to warn, Plaintiff MICHAEL PRYOR inhaled or ingested asbestos dust and fibers during the ordinary and foreseeable use of Defendants' Products.  Plaintiff MICHAEL PRYOR has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

**SIXTH COUNT**

1.      Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.      Defendants acted in concert with each other and with other members of the industry through express agreement, implicit agreement, imitative behavior and conscious parallel behavior:

(i)       to withhold from users, consumers, workers, bystanders and household members of Defendants' Products, and from persons who Defendants knew or should have known would be exposed to Defendants' Products, information regarding the health risks of breathing or ingesting asbestos dust and fibers;

(ii)      to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust; and

(iii)     to assure that Defendants' Products became widely used in industries such as personal hygiene, beauty, vehicle maintenance, and similar such industries.

3.      Defendants knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures, and promotion of widespread use of Defendants' Products would expose persons such as Plaintiff MICHAEL PRYOR to unreasonable risk of bodily injury.

4.      Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the industry and assisted each other and other members of the industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to assure that users, consumers, workers, bystanders and household members exposed to asbestos would not be subjected to risk of injury; and promoting widespread use of

Defendants' Products which Defendants knew would expose Plaintiff MICHAEL PRYOR to unreasonable risk of bodily injury.

5.      As a direct and proximate consequence of the concerted actions of Defendants and other members of the industry, Plaintiff MICHAEL PRYOR was exposed to and came in contact with Defendants' Products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' Products.  Plaintiff MICHAEL PRYOR was caused to suffer the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgement interest, and costs of suit as provided by law.

## SEVENTH COUNT

1.      Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.      The Defendants constitute all known, non-remote producers, designers, manufacturers, packagers, suppliers, and distributors of the Defendant's Products which could have caused Plaintiff MICHAEL PRYOR's injuries.

3.      Each of the Defendants, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff MICHAEL PRYOR, or otherwise engaged in culpable activity against Plaintiff MICHAEL PRYOR.  The acts and omissions of at least one of the Defendants caused Plaintiff MICHAEL PRYOR to suffer the injuries, losses and expenses alleged in prior counts of this Complaint.

4.     Plaintiffs in no respect can be blamed should they be unable to establish which of the Defendants' Products caused Plaintiff MICHAEL PRYOR the injuries complained of herein.

5.     The burden of proof in this matter should thus shift to Defendants to demonstrate that their respective conduct and their respective Defendants' Products could not have caused Plaintiff MICHAEL PRYOR's injuries, and, failing such proof, Defendants should be held jointly, severally, or alternatively liable for Plaintiff MICHAEL PRYOR's injuries, illnesses, and disabilities.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, and/or in the alternative, for such damages, both compensatory and punitive, as may be permitted pursuant to the laws of the State of New Jersey, together with pre- and post-judgment interest thereon, costs of suit and attorney fees.

## EIGHTH COUNT

1.     Plaintiff KAREN PRYOR repeats the prior allegations of this Complaint.

2.     Plaintiff KAREN PRYOR is the spouse of Plaintiff MICHAEL PRYOR.

3.     As consequence of the injuries to her respective spouse, Plaintiff KAREN PRYOR has suffered loss of consortium, companionship, services, society and support.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, and/or in the alternative, for such damages, both compensatory and punitive, as may be permitted pursuant to the laws of the State of New Jersey, together with pre- and post-judgment interest thereon, costs of suit and attorney fees.

Plaintiffs hereby incorporate all allegations set forth in the Standard Complaint, as

amended, which is contained in the Asbestos Manual.  A copy of the Asbestos Manual which contains the Standard Complaint can be obtained from the Middlesex County Mass Tort Clerk or by visiting the following website:

http://www.judiciary.state.nj.us/attorneys/assets/mcl/asbestos/asbestos_amended_std_complaint.pdf

## DEMAND FOR TRIAL BY JURY

Plaintiffs demands a trial by jury on all issues.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to the Asbestos Litigation General Order, Section VI.B. which can be found at http://www.njcourts.gov/attorneys/assets/mcl/asbestos/orders/generalorder1.pdf, Plaintiffs hereby demand that the above listed Defendants answer Standard Interrogatories in the form prescribed by the Court and within the time provided by the above referenced Order.  A copy of the Standard Interrogatories are contained in the Asbestos Manual and may be obtained from the Clerk or by visiting the following website:

http://www.judiciary.state.nj.us/attorneys/assets/mcl/asbestos/asbestosmanual050306.pdf

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Robert Lytle, Esq., Leah Kagan, Esq., Joseph Mandia, Esq., and Suzanne Ratcliffe, Esq. are hereby designated as trial counsel in this matter.

## CERTIFICATION

I hereby certify that to my knowledge the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated with the exception of a possible workers'

compensation claim.  I have no knowledge at this time of any non-party who should be joined in this action.

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.

By:  /s/ Robert E. Lytle
     Robert E. Lytle, Esq.
     New Jersey Bar No. 046331990
     101 Grovers Mill Road, Suite 200
     Lawrence Township, NJ 08648
     (609) 275-0400

     And

SIMON GREENSTONE PANATIER, PC

By:  /s/ Joseph Mandia
     Joseph Mandia, Esq.
     New Jersey Bar No. 16652008
     Leah Kagan
     New Jersey Bar No. 013602009
     1201 Elm Street, Suite 3400
     Dallas, TX 75270
     (214) 276-7680

     And

MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC

By:  /s/ Suzanne M. Radcliffe
     Suzanne M. Ratcliffe, Esq.
     New Jersey Bar No. 024302010
     150 W. 30th Street, Suite 201
     New York, NY 10001
     (800) 358-5922

Dated: January 4, 2021

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrence Township, NJ 08648
(609) 275-0400
By:     Robert E. Lytle (NJ ID No. 046331990)

SIMON GREENSTONE PANATIER, PC
1201 Elm Street, Suite 3400
Dallas, TX 75270
(214) 276-7680
By:     Leah Kagan (NJ ID No. 013602009)
        Joseph Mandia (NJ ID No. 16652008)

MAUNE RAICHLE HARTLEY FRENCH & MUDD, LLC
150 W. 30th Street, Suite 201
New York, NY 10001
(800) 358-5922
By      Suzanne M. Ratcliffe (NJ ID. No. 024302010)

Attorneys for Plaintiffs

| | |
|---|---|
| **MICHAEL PRYOR** and **KAREN PRYOR**,<br><br>Plaintiffs,<br><br>v.<br><br>**AVON PRODUCTS, INC.**, et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - MIDDLESEX COUNTY<br><br>DOCKET NO.:<br><br>**Civil Action - Asbestos Litigation**<br><br>INITIAL FACT SHEET |

| 1. | Full Name: | Michael Pryor |
|---|---|---|
| 2. | Date of Birth: | ▮▮▮▮▮▮ |
| 3. | Address: | 384 Aquaview Drive, Shepherdsville, Kentucky 40165 |
| 4. | Union/Local/Years of Membership: | n/a |

| | | |
|---|---|---|
| 5. | Date of first claimed asbestos exposure: | Approximately 1970 |
| 6. | Date of last claimed asbestos exposure: | Approximately 2019 |
| 7. | Smoking History: | Plaintiff is a non-smoker |

8. State the inclusive dates of smoking history, the products smoked and the amount of product consumed per day:

| | | |
|---|---|---|
| a. | Dates: | N/A |
| b. | Products smoked: | N/A |
| c. | Amount per day: | N/A |

9. Provide as much of the following information as is presently available: work sites, inclusive dates and trade or occupation for each site:

| WORK SITES: | DATES: | TRADE/OCCUPATION |
|---|---|---|
| Personal Residences | Approximately 1970 to 1981 | Plaintiff's personal use of talcum powder products |
| Personal Residences | Approximately 1970 to 1981 | Plaintiff's late mother's personal use of talcum powder products |
| Personal Residences | Approximately 1984 to 2019 | Plaintiff Karen Pryor's use of asbestos-containing cosmetics while in close proximity to Plaintiff |
| Personal Residences | Approximately the late 1970's to the late 1980's | Plaintiff's repair and maintenance of personal vehicles |
| Frederick's Auto, Louisville, Kentucky | Approximately 1982 to 1984 | Laborer and Deliveryman |

10. State the claimed asbestos related diseases; include the date of diagnosis and the name of the diagnosing physician or institution (if available attached a copy of the medical report).

| | | |
|---|---|---|
| a. | Disease: | Malignant Peritoneal Mesothelioma |
| b. | Date of Diagnosis: | August 11, 2020 |
| c. | Doctor/ Institution: | Dr. Alvin Martin/Norton Audubon Hospital, Louisville, Kentucky |

SZAFERMAN, LAKIND, BLUMSTEIN & BLADER, P.C.

Attorneys for Plaintiffs

By:      /s/ Robert E. Lytle
         Robert E. Lytle, Esq.

Dated: January 4, 2021



# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1.
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA |
| CHG/CK NO.: |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Robert E. Lytle, Esq., ID No. 046331990 | 609  275-0400 | Middlesex County |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Szaferman, Lakind, Blumstein & Blader, P.C. | MID-L            - 20 AS |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 101 Grovers Mill Road Suite 200 Lawrenceville, New Jersey  08648 | Complaint |
|  | JURY DEMAND  ☒ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| MICHAEL PRYOR and KAREN PRYOR, Plaintiffs | AVON PRODUCTS, INC., et al |

| CASE TYPE NUMBER (See reverse side for listing)  601 | HURRICANE SANDY RELATED?  ☐ YES  ☒ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO |
|---|---|---|
|  |  | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING?  ☐ YES  ☒ NO | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)  ☐ NONE  ☒ UNKNOWN |
|---|---|

| THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE. |
|---|

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☐ YES  ☒ NO | IF YES, IS THAT RELATIONSHIP  ☐ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS  _____ |
|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?   ☐ YES  ☒ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

| ♿ DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☐ NO | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: |
|---|---|

| WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO | IF YES, FOR WHAT LANGUAGE: |
|---|---|

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE |
|---|
| /s/ Robert E. Lytle    1-4-2021 |

30 - Civil Case Information Statement (CIS)
Appendix XII-B1; CN 10517
Rev. 8/19/13  Effective 8/19/13  P8/13

Powered by
HOTDOCS

Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com  800.222.0510   Page 1

| **SIDE 2** |  | **CIVIL CASE INFORMATION STATEMENT**<br>(CIS)<br>Use for initial pleadings (not motions) under *Rule* 4:5-1 |

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I — 150 days' discovery
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM (coverage issues only) |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (briefly describe nature of action) |

### Track II — 300 days' discovery
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603N | AUTO NEGLIGENCE - PERSONAL INJURY (non-verbal threshold) |
| 603Y | AUTO NEGLIGENCE - PERSONAL INJURY (verbal threshold) |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE - PROPERTY DAMAGE |
| 621 | UM or UIM Claim (includes bodily injury) |
| 699 | TORT – OTHER |

### Track III — 450 days' discovery
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER/CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |

### Track IV — Active Case Management by Individual Judge/450 days' discovery
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 620 | FALSE CLAIMS ACT |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

### Multicounty Litigation (MCL) (Track IV)
| | | | |
|---|---|---|---|
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 288 | PRUDENTIAL TORT LITIGATION |
| 271 | ACCUTANE/ISOTRETINOIN | 289 | REGLAN |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 278 | ZOMETA/AREDIA | 291 | PELVIC MESH/GYNECARE |
| 279 | GADOLINIUM | 292 | PELVIC MESH/BARD |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 282 | FOSAMAX | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 284 | NUVARING | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 601 | ASBESTOS |
| 287 | YAZ/YASMIN/OCELLA | 623 | PROPECIA |

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

**Please check off each applicable category:**   ☐ **Putative Class Action**   ☐ **Title 59**

30 - Civil Case Information Statement (CIS)
Appendix XII-B1; CN 10517
Rev. 8/19/13   Effective 8/19/13   P8/13

Powered by


Printed by ALL-STATE LEGAL®
A Division of ALL-STATE International, Inc.
www.aslegal.com   800.222.0510   Page 2

# SZAFERMAN LAKIND

Szaferman, Lakind, Blumstein & Blader, P.C.
Attorneys at Law

101 Grovers Mill Road, Suite 200
Lawrenceville, NJ 08648
P: 609.275.0400
F: 609.275.4511
www.szaferman.com

**Partner**
Arnold C. Lakind
Barry D. Szaferman
Jeffrey P. Blumstein#
Steven Blader #
Brian G. Paul+
Craig J. Hubert++
Michael R. Paglione*
Lionel J. Frank**
Jeffrey K. Epstein+
Stuart A. Tucker
Scott P. Borsack***
Daniel S. Sweetser*
Robert E. Lytle
Janine G. Bauer

Daniel J. Graziano Jr.
Bruce M. Sattin***
Robert P. Panzer
Benjamin T. Branche*
Robert G. Stevens Jr.**
Michael D. Brottman**
Janine Danks Fox*
Thomas J. Manzo**
Robert L. Lakind***
Brian A. Heyesey

**Associate**
Lindsey Moskowitz Medvin**
Christopher S. Myles
Reena D. Pushpangadan

*NJ & PA Bars
**Certified Civil and Criminal Trial Attorney
***NJ, NY & PA Bars

+Certified Matrimonial Attorney

**Of Counsel**
Stephen Skillman
Linda R. Feinberg
Anthony J. Parrillo
Paul T. Koenig, Jr.
Nathan M. Edelstein
Jeffrey M. Hall
Kim A. Otis

**Counsel**
Bhuchar Law Firm
www.bhucharlaw.com
Tel(609)514-5195

Huff, Moran & Orron, LLC
1246 South River Road
Cranbury, NJ 08512
Tel(609)655-3600

#Retired

January 4, 2021

**VIA EFILING ONLY**

Clerk, Multi County Asbestos Litigation
Middlesex County Superior Court
56 Paterson Street
Tower Bldg., 2nd Floor
New Brunswick, NJ 08903

    Re: PRYOR  v.  AVON PRODUCTS, INC., et al
     Docket No. MID-L-          -20AS

Dear Sir/Madam:

   Enclosed please find an original of Plaintiffs' Complaint together with an Initial Fact Sheet and Case Information Statement.  I would appreciate it if you could file the original of the complaint, charge our depository account number 101500 for the filing fee, and return a file-stamped copy for our files.  If you have any questions, please do not hesitate to contact me.

   Thank you.

       Very truly yours,

       SZAFERMAN, LAKIND,
        BLUMSTEIN & BLADER, P.C.

       /s/ Robert E. Lytle

       Robert E. Lytle, Esq.

REL/gah
Enclosure
c:  Leah Kagan, Esq.
   Joseph Mandia, Esq.

# Civil Case Information Statement

## Case Details: MIDDLESEX | Civil Part Docket# L-000022-21

**Case Caption:** PRYOR MICHAEL  VS AVON PRODUCTS, INC.

**Case Initiation Date:** 01/04/2021

**Attorney Name:** ROBERT E LYTLE

**Firm Name:** SZAFERMAN LAKIND BLUMSTEIN & BLADER PC

**Address:** 101 GROVERS MILL RD SUITE 200 LAWRENCEVILLE NJ 08648

**Phone:** 6092750400

**Name of Party:** PLAINTIFF : Pryor, Michael

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** ASBESTOS

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** YES

**Are sexual abuse claims alleged by: Michael Pryor?** NO

**Are sexual abuse claims alleged by: Karen Pryor?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

01/04/2021
Dated

/s/ ROBERT E LYTLE
Signed

# Exhibit B

**HAWKINS PARNELL & YOUNG LLP**
Edward P. Abbot, Esq. (ID: 001381986)
Elizabeth B. Kelly, Esq. (ID: 183642016)
Deena M. Crimaldi, Esq. (ID: 021042011)
600 Lexington Avenue, 8th Floor
New York, New York 10022
T: 212-897-9655
F: 646-589-8700
*Attorneys for Defendant*
*Revlon Consumer Products Corporation*

| | |
|---|---|
| MICHAEL PRYOR and KAREN PRYOR, <br><br> Plaintiff, <br><br> vs. <br><br> AVON PRODUCTS, INC., et al., <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION:  MIDDLESEX COUNTY <br><br> DOCKET NO.  MID-L-000022-21AS <br><br> CIVIL ACTION – ASBESTOS LITIGATION <br><br> **DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION'S NOTICE TO STATE COURT OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY** |

PLEASE TAKE NOTICE that Defendant, REVLON CONSUMER PRODUCTS CORPORATION  (hereinafter "RCPC" or "Answering Defendant"), by its attorneys, HAWKINS PARNELL & YOUNG, LLP, filed a Notice of Removal of the above action from the New Jersey Superior Court, County of Middlesex, to the United States District Court for the District of New Jersey. The Notice of Removal was duly filed in the United States District Court for the District of New Jersey on January 5, 2021. Attached hereto as Exhibit A is a true and accurate copy of said Notice of Removal (without exhibits).

A copy of this Notice to State Court of Removal to United States District Court for the District of New Jersey is being served on all counsel of record in the above-entitled action, as reflected in the Certificate of Service filed concurrently herewith.

Dated: January 5, 2021

Respectfully Submitted,

Deena M. Crimaldi, Esq.
**HAWKINS PARNELL & YOUNG LLP**
600 Lexington Avenue, 8th Floor
New York, New York 10022
T: 212-897-9655
F: 646-589-8700

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 5th day of January, 2021, a copy of DEFENDANT REVLON CONSUMER PRODUCTS CORPORATION'S NOTICE TO STATE COURT OF REMOVAL TO UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, along with supporting papers, was filed electronically and is available for viewing from the Court's eCourt's system. Notice of this filing will be sent to all counsel of record via the Court's eCourts system.

 

 

_____ _____
Deena M. Crimaldi, Esq.
**HAWKINS PARNELL & YOUNG LLP**